IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**STEVEN DUNNAM**                                                                                **PLAINTIFF**

**v.**                               **No: 4:20-cv-00756-LPR-PSH**

**BILL GILKY**                                                                                  **DEFENDANT**

## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge Lee P. Rudofsky. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

## DISPOSITION

On May 26, 2020, plaintiff Steven Dunnam filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 which was signed by another individual, Coree McGaugh (Doc. No. 1). In the Court's initial order for *pro se* prisoner plaintiffs, Dunnam was instructed to file a signed complaint as well as an application to proceed *in forma pauperis* ("IFP") or pay the full filing and administrative fees (Doc. No. 2). Dunnam

was also notified that he must comply with Local Rule 5.5(c)(2), which provides that if any communication from the Court is not responded to within thirty days, the case may be dismissed without prejudice. On June 26, 2020, Dunnam filed an IFP application, which the Court granted. *See* Doc. No. 4. The Court once again notified Dunnam that he must filed a signed complaint describing how his constitutional rights were violated in order to proceed with this case. *Id.* Dunnam was cautioned that failure to comply with the Court's order within that time would result in the recommended dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2). *Id.*

More than 30 days have passed, and Dunnam has not complied or otherwise responded to the Court's order directing him to file a signed complaint. Accordingly, the Court finds that this action should be dismissed without prejudice for failure to comply with Local Rule 5.5(c)(2) and failure to respond to the Court's orders. *See Miller v. Benson*, 51 F.3d 166, 168 (8th Cir. 1995) (District courts have inherent power to dismiss *sua sponte* a case for failure to prosecute, and exercise of that power is reviewed for abuse of discretion).

It is therefore recommended that Dunnam's complaint (Doc. No. 1) be dismissed without prejudice.

DATED this 29th day of March, 2021.

_____
UNITED STATES MAGISTRATE JUDGE